[No. 20482. Department Two. March 3, 1927.]

ELIAS A. WRIGHT *et al.*, *Respondents*, v. JOHN JOYCE *et al.*, *Appellants.*[1]

[1] PLEADING (175)—PROOF ADMISSIBLE UNDER PLEADING—ANSWER—AFFIRMATIVE MATTER. In an action to recover for legal services, under an affirmative defense that others were jointly interested in the litigation and that plaintiff had settled with and released some of the joint debtors, it is not error to exclude evidence of such settlement and release as outside the issues, where defendants denied any employment of the plaintiff and gave no evidence of any joint employment; and amendment of the answer contradicting defendants' evidence would have been of no avail.

Appeal from a judgment of the superior court for King county, Sessions, J., entered October 15, 1925, upon the verdict of a jury in favor of the plaintiffs in an action on contract. Affirmed.

*George Olson* (*Frank S. Griffith*, of counsel), for appellants.

*Rummens & Griffin*, for respondents.

ASKREN, J.—This action was brought to recover for legal services rendered to the defendants Joyce. A trial before a jury resulted in a verdict in the sum of one thousand two hundred dollars, upon which judgment was duly entered and defendants appealed.

It is urged by appellants that the court erred in refusing to permit them to show that the employment of the respondents was joint and that thereafter, and before suit, the respondents settled with and released certain of the joint debtors, which, in law, would release the others.

A brief resumé of the facts will be helpful. Appellants were the owners of a large tract of land in King

[1]Reported in 253 Pac. 810.

county, which was included in a drainage district sought
to be established by the county commissioners. A large
number of land owners affected thereby had consulted
Jay C. Allen, an attorney of Seattle, requesting him to
represent them in the matter. Mr. Allen became ill and
was taken to a hospital. While there, action was taken
by the board of county commissioners adversely affect-
ing the rights of appellants Joyce. John Joyce there-
upon came to the respondents and hired them to look
after his interests. Respondents undertook the em-
ployment and after much litigation, some of which
reached this court, the project was abandoned by the
county, and appellants achieved their object. Suit was
brought to recover for the services rendered to the
appellants. There was no allegation of any kind in the
complaint indicating that the services were performed
jointly with any other attorney, or that they were per-
formed jointly for the appellants and any other per-
sons. An answer was filed denying the allegations of
the complaint and setting up, by way of affirmative
defense, that the appellants, being jointly interested
with some thirty-five others in opposing the establish-
ment of the drainage district, had appointed a commit-
tee to employ counsel, and that the committee had em-
ployed Jay C. Allen, *and no other*. It also alleged that,
while the respondents had appeared in the action, ap-
pellants had no information as to who they appeared
for. Further, it is alleged that respondents had made
demand upon persons interested in the litigation and
that three of the parties, to avoid litigation, had settled
with respondents. This was denied by reply.

[1] It will thus be seen that, by the answer, there is
no claim of any kind that there was any joint employ-
ment of the respondents. The claim is that there was
no employment. The issues were thus presented to the

jury. There was no evidence offered by appellants indicating a joint employment. Indeed, the testimony was in conformity with the answer that there was. no employment save that of Mr. Allen.

Testimony was offered to show that the respondents had settled with some of the parties. It was objected to because not within the issues, and after a colloquy between court and counsel, in which apparently an application was made to amend, the evidence was refused. The proposed amendment, if it be considered as such, would not have been helpful to appellants, for it was couched in words that would deny a collective employment, being contradictory of the evidence already offered by appellants.

The question here is one of fact as to whether, under the pleadings, there was any error in the admission of evidence, and any review of the authorities would not be helpful. Pleadings should be liberally construed, it is true, yet they must be couched in language sufficiently definite to apprise opposite counsel and the court of the issues that are to be litigated. If, during trial, amendments are offered, they too should be sufficiently clear to enable the court to rule correctly thereon, and not be left in doubt as to the position of counsel.

A careful examination of the evidence does not disclose any reversible error of the trial court, and the judgment is affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and BRIDGES, JJ., concur.